## In re HEINTZ.
### Patent Appeal No. 3300.

Court of Customs and Patent Appeals.
June 12, 1934.

Hull, Brock & West and William E. Chilton, all of Cleveland, Ohio (George E. Tew, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant has appealed to this court from the decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner in refusing to allow all the claims in his application for a patent.

The claimed invention relates to a method of retreading tires. The tire covered with new rubber is placed on a rim and inflated by an inner tube or bag so that the tire comes in contact with the outside members of the frames which receive heat from an annular heating chamber. Holding rings on the outside of the machine support part but not all of the sides of the tire. These rings are held in place by a plurality of projections and are so arranged that no heat is conducted from the matrix sections to the rings. A space of a substantial portion of the side walls of the tire, between the beads and the side wall holding means, is left free to expand so as to accommodate the apparatus to different sized tires.

The Examiner rejected the claims upon two grounds, the first ground being that the claims were anticipated by the prior art patents: Harris, 1,353,042, September 14, 1920; Mundale, 1,379,203, May 24, 1921; and Smith et al., 1,710,804, April 30, 1929. As we understand it, the Examiner's reference to Heintz, 1,810,963, June 23, 1931, was for the purpose of showing what appellant had already received in the way of allowed apparatus claims, and not for the purpose of using the said Heintz patent as anticipatory prior art.

The second ground of rejection by the Examiner was that the claims were unpatentable over applicant's above-cited patent. The application in the instant case was based upon the same drawings, and purports to be a division of the above patent.

Appellant, after the Examiner's decision, submitted to the Board, upon appeal there, an affidavit by John G. Scales, a tire-design engineer, rubber compounder, and chemist, who, in said affidavit, discussed the references and also stated:

"It is also my opinion that the Heintz method of retreading tires can be practiced by equipment which is quite different from

the specific construction disclosed in the Heintz drawings and an example of such a construction is illustrated in patent No. 1,-834,899."

The Board remanded the case to the Primary Examiner for consideration of the affidavit. The Examiner considered the affidavit and said patent No. 1,834,899, which is a patent to L. O. Grange, on a tire retread vulcanizer, and held that the applicant's claims did not read upon the patent disclosure therein and stated that in the Grange disclosure a large portion of the side walls of the tire was heated as well as the tread portion.

The Board of Appeals set out claim 9 of the instant application and apparatus claim 11 of the said patent to Heintz, the first as being illustrative of the claims under consideration and the second as being illustrative of the allowed apparatus claims in the patent to appellant. Said claims 9 and 11 follow:

"9. In the art of retreading pneumatic tires, the steps of holding the beads of the tire and expanding the tire by the application of fluid pressure to the interior thereof, confining the tire about its entire outer periphery to the median portions thereof and applying sufficient heat to the outer tread area to effect vulcanization while holding the sides of the tire about annular bands adjacent the median line and maintaining the said bands at a sufficiently reduced temperature to prevent vulcanization, the side walls of the tire between the median portions and the beads being free.

"11. A tire vulcanizing apparatus including a matrix to receive the tread portion of a tire, means for vulcanizing the tread, a vase having flanges to receive the beads of the tire, an expansible bag located within the tire, and non-vulcanizing members the operative faces of which are substantially normal to the axis of the tire and are adapted to engage the side walls of the tire in close proximity to the skirts of the mold, the lower side walls of the tire being free so that the fullness of the tire is concentrated immediately above said flanges."

The Board of Appeals did not expressly rely upon the references, but based its affirmation of the Examiner's decision upon the ground that there was only one invention disclosed, and claimed, in the two cases, and that there was "no proper line of division between them" and that the issuance of a patent containing the claims at bar would be double patenting.

The Board closed its decision with the following language:

"The decision of the examiner is affirmed in rejecting the claims for the reason above stated."

In finding that there was but one invention and not two, the Board must have found that appellant's process was merely the function of his machine and that the process could not be carried out in any other way than by the use of the apparatus upon which he had been allowed a patent.

This court thoroughly discussed the question of when a method claim and an apparatus claim are for the same invention in the case of In re Ernst and Nenninger, 21 C. C. P. A. (Patents) ——, 71 F.(2d) 169, decided concurrently herewith. What we said there on this subject need not be repeated here.

The method claims at bar, of course, are framed to read upon appellant's apparatus. We think they are broad enough also to read upon other apparatus which will perform the method. If this is made clear by the record before us, then unquestionably the Board was in error as to the single reason for affirming the Examiner which it discussed.

We think under the decision in Re Wagenhorst, 64 F.(2d) 780, 20 C. C. P. A. (Patents) 991, we are privileged under the circumstances of this case, in reviewing the decision of the Board affirming the Examiner in rejecting claims, to consider the reasons assigned by the Examiner. In the instant case, the Board did not expressly disapprove of or reverse the prior art ground of the Examiner and we will, therefore, consider the prior art.

It seems to us that the two reasons assigned by the Examiner are wholly inconsistent with each other. How can it be logically held that applicant's apparatus claims and method claims are for the same invention, and that the granting of the method claims would be double patenting if it were true that the method claims read on the prior art or if the apparatus shown in the prior art would perform the method of the claims?

The Examiner and the Board have both held in effect that the method is nothing more than a recital of the function of the appellant's apparatus, which method can only be performed upon appellant's machine. If the Examiner was right that the method was anticipated by the prior art references, then the conclusion as to double patenting is erroneous. It was not a question of

double patenting but a question of lack of novelty.

Appellant has not argued the question as to whether or not the method may be performed on the prior art reference apparatus, but urges that the method may be performed on other devices including those shown in the patent to Grange and two patents to one Hawkinson, none of which are in the record. If the Grange and the Hawkinson patents were in the record, and if they disclosed what appellant claims they disclose, we cannot understand how this lends force to appellant's contention that his method claims should be allowed.

The true situation, as it appears to us from the whole record, is that whatever invention appellant is entitled to rests in claims to his apparatus and that his method claims are broad enough to read upon the cited prior art and were properly rejected upon that ground.

The references Harris, Mundale, and Smith et al. each discloses full-circle retreading molds involving the use of matrix sections, a rim, and an inflatable inner tube. The gist of appellant's claimed invention rests in constructing his apparatus so that a bulge in the side walls of the tire adjacent the rim is permitted in such manner as to accommodate different sized tires to the same retreading apparatus. We quote from appellant's brief:

" * * * Applicant has invented a new method of retreading tires which involves a new principle. This method consists essentially in surrounding the tread portion of the tire with a mold and applying sufficient heat to the tread area to effect vulcanization while holding the sides of the tire adjacent the median line of the tire and expanding the tire against the mold by the application of fluid pressure to the interior of the tire and confining the beads of the tire and leaving a substantial portion of the tire side walls between the beads and the side wall holding means free to expand as a result of internal pressure. Such a method enables a single apparatus to be used for retreading many different sized tires and permits the excessive fullness of the oversize tire to be concentrated in this space, which materially decreases the amount as well as the cost of the equipment necessary. * * * "

The Examiner found that the Harris, Mundale, and Smith et al. patents disclose apparatus permitting a bulge in the side walls of the tire adjacent the rim. The Examiner said:

" * * * Each of the patents disclose apparatus permitting a bulge in the side walls of the tire adjacent the rim. The only difference the applicant has disclosed is not a difference in the method, but a difference in the apparatus, namely, the use of the stationarily held holding rings E and F."

We have examined the references carefully and we agree with the Examiner that his conclusions in this respect are correct and that the method claims at bar are anticipated by the three references above referred to. That method claims may be anticipated by device patents is a well-settled principle of patent law. In re Ackenbach, 45 F.(2d) 437, 18 C. C. P. A. (Patents) 769, and cases cited.

The decision of the Board of Appeals affirming the action of the Examiner in rejecting the claims, is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate.